IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHARLES DIGIACOMO, an individual;
and OAK RIVER INSURANCE
COMPANY, a Nebraska Corporation;

Plaintiffs,

vs.

O'REILLY AUTO ENTERPRISES LLC, a
Delaware Limited Liability Company;

Defendant.

**4:25CV3036**

**ORDER**

This matter is before the Court on Defendant's motion to extend progression order. Filing No. 38. Specifically, Defendant seeks to extend the deadline for Defendant to identify experts and all subsequent deadlines by approximately four months. *Id.* In support, Defendant contends Plaintiff's expert identification has been confusing and inconsistent, impacting Defendant's ability to retain their own experts.[1] Filing No. 38 at 5. Plaintiff Charles DiGiacomo adamantly disagrees with Plaintiff's characterization of the parties' progression of expert disclosures and contends Defendant has not shown good cause to amend the current progression order. Filing No. 41. Plaintiff Oak River Insurance Company joins DiGiacomo's

---

[1] A March 13, 2026 email also indicates Defendant needed additional time due to the "the March 11, 2026 Supplemental Expert Disclosures chang[ing] the identity and nature of Plaintiff's previously identified experts, and includ[ing] additional discovery documents not previously disclosed, necessitating additional time for us to find experts in this matter." Filing No. 42-12 at 4.

1

positions. Filing No. 43. For the reasons below, the motion will be granted in part and denied in part.

FACTS

The Court entered an amended final progression order on December 17, 2025. The relevant deadlines set out in that order are:

1) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

|  |  |
|---|---|
| For the plaintiff(s): | February 9, 2026. |
| For the defendant(s): | March 11, 2026. |
| Rebuttal: | March 25, 2026. |

2) The deadlines for complete expert disclosures for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

|  |  |
|---|---|
| For the plaintiff(s): | March 11, 2026. |
| For the defendant(s): | April 10, 2026. |
| Rebuttal: | April 24, 2026. |

Filing No. 33. DiGiacomo timely identified experts and thereafter supplemented those identifications on February 9, 2026. Filing No. 36. DiGiacomo served complete expert disclosures on March 11, 2026. Filing No. 37. Defendant's deadline to identify experts was March 11, 2026.

On March 11, 2026, counsel for defendant texted DiGiacomo's counsel requesting a 60-day extension to expert disclosures. Filing No. 42-13. Thereafter, the parties met and conferred and determined the motion to extend the expert deadlines was opposed. Filing No. 42-12. Defendant filed the present motion on

March 16, 2026, seeking an extension of the expert deadlines, and subsequent deadlines, by approximately four months. Filing No. 38.

## ANALYSIS

"Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc*., 457 F.3d 748, 759 (8th Cir. 2006) (quoting Fed. R. Civ. P. 1). "Accordingly, the district court has broad discretion in establishing and enforcing the deadlines." *Id*. (citing Fed. R. Civ. P. 16). Under Rule 16, a schedule (such as the case-progression and trial-setting order at issue in this case) may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc*., 532 F.3d 709, 716-17 (8th Cir. 2008); *Bradford v. DANA Corp*., 249 F.3d 807, 809 (8th Cir. 2001). While the prejudice to the nonmovant resulting from modification of the scheduling order may be a relevant factor, generally, the court will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *Id.*

DiGiacomo's evidence certainly demonstrates Defendant could have been *more* diligent in obtaining and disclosing expert opinions. However, the Court finds Defendant was sufficiently diligent to find good cause to amend the current progression order.

For example, in DiGiacomo's February 9, 2026 disclosure, Dr. David Rosenbaum and Shelly Kinney were identified as witnesses pursuant to Rule 26(a)(2)(C)—a witness who will not provide a written report. Filing No. 42-10. Thereafter, on March 11, 2026, DiGiacomo provided reports for both Rosenbaum and Kinney. Filing No. 42-11. This is particularly notable with regard to Rosenbaum, who was first identified as a 26(a)(2)(C) witness on February 9, 2026, with his report disclosed on March 11, 2026. DiGiacomo recognizes the inclusion of Kinney

3

and Rosenbaum as a Rule 26(a)(2)(C) witness was a mistake but argues it was irrelevant because the actual disclosures confirm their respective roles.

The Court recognizes that this mistake may appear minor and is likely to happen regularly in the course of litigation. However, it is not wholly insignificant. This conclusion is bolstered by the fact that DiGiacomo's March 11, 2026, supplemental disclosures contain an array of information including the curriculum vitaes, authored opinions, and authored publications for experts he originally disclosed under Rule 26(a)(2)(C). While a party may certainly provide that information, it is not required under the rule for witnesses who do not provide a written report.[2] Fed. R. Civ. P. 26(a)(2)(C). Based on this information, it is not implausible to believe these disclosures were confusing to Defendant. At a minimum, Defendant did not have this information available to consider until March 11, 2026, the same day Defendant requested their extension.

Finally, the Court recognizes the need to promptly administer justice and avoid unreasonable delays for litigants. However, at this stage in the litigation, the Court does not find a moderate extension to be prejudicial to Plaintiffs. All relevant deadlines will be extended an equivalent amount of time providing Plaintiffs with the same opportunities available prior to the extension.

For these reasons, the Court finds good cause to extend the Final Progression Order. Filing No. 33. However, the amount of time requested by Defendants is disproportionate to the present needs of the case. Defendants seek

---

[2] *See also* Filing No. 33, n.1 ("While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.")

a three-to-four-month extension[3] to counter evidence that, as DiGiacomo aptly pointed out, has largely been in their possession for months.

Accordingly,

IT IS ORDERED:

3)    The motion to extend progression order deadlines, Filing No. 38, is granted in part and denied in part. The final progression order, Filing No. 33, is amended as follows:

4)    The trial and pretrial conference will not be set at this time. The status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings set for June 2, 2026 is continued and will be held with the undersigned magistrate judge on **July 14, 2026** at **10:30 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

5)    The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

> For the plaintiff(s):         Completed.
>
> For the defendant(s):     April 27, 2026.
>
> Rebuttal:                          May 11, 2026.

6)    The deadlines for complete expert disclosures for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

> For the plaintiff(s):         Completed.
>
> For the defendant(s):     May 25, 2026.
>
> Rebuttal:                          June 8, 2026.

7)    The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is July 10, 2026.

---

[3] The Court notes that Defendant's motion seeks over double the time it originally requested in its correspondence with opposing counsel.

8)   The deadline for filing motions to dismiss and motions for summary judgment is August 7, 2026.

9)   The deadline for filing motions to exclude testimony on *Daubert* and related grounds is August 7, 2026.

10)   Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

11)   All other deadlines and provisions in the Court's prior final progression orders not amended herein remain unchanged.

12)   No further extensions will be considered absent a substantial showing of good cause.

Dated this 2nd day of April, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

6